Ms. Lynda Thomas Yeager, PHR Director, Human Resources Department 1201 Oak Street Conway, AR 72032
Dear Ms. Thomas:
As the custodian of public records, you are seeking my guidance concerning a Freedom of Information Act ("FOIA" — A.C.A. § 25-19-105 etseq.) request that has been submitted to the City of Conway. You have enclosed a copy of the FOIA request and have stated that you are unable to determine whether you must release all of the information sought. You indicate that the person making the request is a recently terminated employee. You also express your concerns regarding abuse of the FOIA in this instance.
RESPONSE
With the exception of those questions pertaining to personnel or employee evaluation records, the matters on which you seek guidance in this instance do not fall within the scope of an official Attorney General opinion. I am directed by law to issue an opinion as to whether your determination regarding the release of personnel or employee evaluation records is consistent with the FOIA. See A.C.A. § 25-19-105(c)(3)(B). The directive under A.C.A. § 25-19-105(c)(3)(b) only extends to "personnel" or "evaluation" records. Opinions issued pursuant to this statutory directive are therefore limited in scope. Although official Attorney General opinions are issued on questions of state law to various state officials pursuant to other statutory directives (see A.C.A. §25-16-703), my authority to opine under § 25-19-105 regarding the custodian's decision does not extend beyond questions relating to personnel or evaluation records.
I am therefore unable in the context of this opinion to respond to the questions you have raised with respect to non-personnel or evaluation records. Your concerns regarding potential abuse of the FOIA should be relayed to local counsel, who can advise you how best to proceed based upon the particular facts and circumstances. As to those questions or requests that involve personnel or evaluation records (items 19 to 33), you must first evaluate the records under the applicable FOIA test (see
Op. Att'y Gen. 2003-078, issued to you on March 18, 2003) and render a decision. Your decision will then be subject to review as noted above. Regarding item 19 in particular (seeking individual expenditure information), while you may be justified in asking that this request be more specific (see A.C.A. § 25-19-105 (a)(2)(C), discussed in Opinion No. 203-078, supra), I believe it may be reasonable to interpret this as a request for records of individual expense reimbursement. In my opinion, such records are "personnel records" the disclosure of which generally would not constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). See Op. Att'y Gen.2001-120, citing Op. Att'y Gen. 95-151.
Assuming, therefore, that item 19 is a request for non-exempt personnel records, such records are open to inspection and copying under A.C.A. §25-19-105. With regard to the procedure for providing the records, A.C.A. § 25-19-105 (Repl. 2002) states in relevant part as follows (emphasis added):
 (a)(2)(A) A citizen may make a request to the custodian to inspect, copy, or receive copies of public records.
 (B) The request may be made in person, by telephone, by mail, by facsimile transmission, by electronic mail, or by other electronic means provided by the custodian.
* * *
 (d)(1) Reasonable access to public records and reasonable comforts and facilities for the full exercise of the right to inspect and copy those records shall not be denied to any citizen.
 (2)(A) Upon request and payment of a fee as provided in subdivision (d)(3) of this section, the custodian shall furnish copies of public records if the custodian has the necessary duplicating equipment.
 (B) A citizen may request a copy of a public record in any medium in which the record is readily available or in any format to which it is readily convertible with the custodian's existing software.
 (C) A custodian is not required to compile information or create a record in response to a request made under this section.
 (3)(A)(i) Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
 (ii) The custodian may also charge the actual costs of mailing or transmitting the record by facsimile or other electronic means.
 (iii) If the estimated fee exceeds twenty-five dollars ($25.00), the custodian may require the requester to pay that fee in advance.
 (iv) Copies may be furnished without charge or at a reduced charge if the custodian determines that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest.
 (B) The custodian shall provide an itemized breakdown of charges under subdivision (d)(3)(A) of this section.
You must therefore provide copies if you have the necessary duplicating equipment. You may charge a copy fee in advance if the fee is estimated to exceed $25.00. With regard to your question involving a requester who does not return for his or her copies, I believe that risk is inherent in the statutory scheme. If the copy cost is greater than $25.00, you can be assured that the fee will be paid. On the other hand, there will necessarily be a risk of nonpayment if the estimated cost is less than $25.00. Because this risk appears to be contemplated, I see no recourse against the requester who does not retrieve the copies.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh